UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CYNTHIA HALL**

      **Plaintiff,**

                                     **Case Number:** _____

**v.**

**KHALIL SADEGHPOUR CORPORATION**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, was an employee of Defendant's, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2.     Plaintiff worked as a laborer for Defendant and performed related, non-exempt activities for Defendant in Pinellas County, Florida.

3.     Plaintiff was not paid for all the hours that Plaintiff worked for Defendant at the correct rate of pay.

4.     Plaintiff was engaged by Defendant to work as a server for approximately 15 years, through March 19, 2020.

5.     For this work, the employer paid Plaintiff the "server's minimum wage" wherein Defendant took a "tip credit" in order to meet its minimum wage requirement. In addition, Plaintiff performed non-server related work at each shift, including manual labor for Defendant.  This work included cleaning and performing side work for Defendant.  For this work, some which took place

before the operational hours of Defendant's business was actually open to the public and for which the possibility of a tip did not exist, for which Defendant did not pay or compensate Plaintiff.

6.      Plaintiff was to be paid an hourly wage.  Plaintiff is not subject to any exemptions under the FLSA.

7.      Plaintiff did not supervise any subservient employees.

8.      Plaintiff worked for Defendant in Pinellas County, Florida as a server and also performed manual labor duties before and sometimes after each server shift Plaintiff worked for Defendant.

9.      Instead of paying lawful wages, Defendant circumvented the FLSA by failing to pay Plaintiff proper wages for all hours worked. Much of the off-the-clock work performed by Plaintiff took place before Defendant's business was open for business.

10.     Specifically, Defendant ordered Plaintiff to open the restaurant and to make sure the restaurant was ready and able to receive guests. When opening the restaurant, Plaintiff was required to: start coffee, start tea, set up glassware, prepare her work station, prepare tableware and set tables, among other duties.

11.     Plaintiff's initial duties – which occurred prior to her clocking in – often lasted more than one hour. Plaintiff was not compensated during the time she spent opening and setting up the restaurant. Thus, during this period of time, Defendant was requiring Plaintiff to perform manual labor for which she received no compensation as required by law.

12.     As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

13.     Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct failing to pay Plaintiff lawful wages for all hours worked, which was

calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant's, as the expense of Plaintiff, who was being paid less than the lawful wages under the FLSA.

14.     Defendant is a for profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore, within the jurisdiction of the Court.

13.   Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).   Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods and services for commerce, including catering to both Florida residents as well as out of state vacationers. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to both residents of Florida as well as those who are domiciled outside the State of Florida.

14.   This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of minimum wages, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

15.   The Court has jurisdiction over Plaintiff's claims as all material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

16.   At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).   Upon information and belief, including Plaintiff's longevity and reputation in the community, that Defendant gross revenue far exceeds $500,000.  Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

18.  At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA.

19.  This would include to doing hourly work as a laborer, without managerial responsibility, serving Defendant's customers and processing transactions for the purchase of meals with credit/debit cards.

20. Plaintiff did not bear supervisory responsibility for any other employees.

21. Plaintiff did not direct the hiring and firing of any employees.

22. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way.

23. Plaintiff did not implement legal compliance measures on behalf of Defendant.

24.  At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during her employment. Defendant's decision to pay Plaintiff less than the operative and lawful minimum wage required by law was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated proper wages.

25. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding amount that Defendant shorted Plaintiff and other similarly situated employees their proper wages.

26. Plaintiff alleges that she routinely worked in time for which she was not properly paid by Defendant, including time for which Defendant made no provisions to properly record. Plaintiff's damages are reasonably believed to be in excess of $5,300.00 in raw wages, not

including liquidated damages, based upon the last three years of Plaintiff's employment with Defendant in which Plaintiff was conservatively working at least 4 hours a week for which Plaintiff was not paid, at the behest, direction and/or direct knowledge of Defendant.

27.  Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## COUNT I – RECOVERY of UNPAID WAGES & COMPENSATION

28.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

29.  Plaintiff, and those similarly situated to her, are/were entitled to be paid their regular rate of pay for each hour worked per work week.  During her employment with Defendant, Plaintiff regularly worked hours for each week in which they were not paid at the correct rate of pay (or not even paid minimum wages), as set forth above.  In Plaintiff's case, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours she worked nor was Plaintiff paid at the correct and lawful rate of pay as set forth above.

30.  As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff her correct rate of pay for each hour worked in one or more work weeks, Plaintiff has has suffered damages plus incurring reasonable attorneys' fees and costs.

31.  As a result of Defendant's willful violation of the FLSA, Plaintiff are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

32.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with

costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

### Declaration of Cynthia Hall Pursuant to 28 U.S.C. § 1746

I swear under penalty of perjury that the foregoing is true and correct.

Dated: _4/24/20_

Printed Name: _Cynthia Hall_

Signature: _Cynthia Hall_

DATED this 24th day of April 2020,

**/s/ W. John Gadd**
W. John Gadd
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

**/s/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
(813) 343-2813
Email – Kyle @KyleLeeLaw.com

UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CYNTHIA HALL**

     **Plaintiff,**

                              **Case Number:** _____

**v.**

**KHALIL SADEGHPOUR CORPORATION**

     **Defendant.**

_____/

### DECLARATION OF JEFFREY HOUK

1. My name is Jeff, I am a resident of Pinellas County, Florida. I am over 18 years of age and of sound mind.

2. I am a professional driver. Prior to 2011, I was a cab driver and was paid to drive individuals to various destinations.

3. I met Cynthia Hall in approximately 2008 or 2009 while working as a cab driver. I was hired by Ms. Hall to drive her to work at Daddy's Grill which I understand to be Khalil Sadeghpour Corporation – the Defendant in this case.

4. I continued to drive Ms. Hall on a regular and routine bases from 2008/2009 until 2011. The vast majority of the trips and fares that I drove for Ms. Hall were trips to Daddy's Grill for her work shift.

5. In approximately 2011, I stopped driving the cabs and I began driving individuals in my own capacity.

6. Despite my change in employment, I continued to faithfully drive Ms. Hall to and from her job at Daddy's Grill.

7. Prior to approximately March 2019, it was my responsibility to pick Ms. Hall up from her home in the morning approximately between 5:30 AM and 5:45 AM. I would then drive Ms. Hall directly to Daddy's Grill so that she could begin her shift.

8. After approximately March 2019, it was my responsibility to pick Ms. Hall up from her home in the morning approximately between 6:30 AM and 6:45 AM. I would then drive Ms. Hall directly to Daddy's Grill so that she could begin her shift.

9. Having completed the trip between Ms. Hall's home and Daddy's Grill at least 2,000 times, I can testify that the trip between Ms. Hall's home and Daddy's Grill is approximately 10 minutes.

10. Prior to approximately March 2019, I regularly and routinely dropped Ms. Hall off at Daddy's Grill at approximately 6:00 AM in the morning.

11. After approximately March 2019, I regularly and routinely dropped Ms. Hall off at Daddy's Grill at approximately 7:00 AM in the morning.

12. I understand that the restaurant was not open to the public at the time I dropped Ms. Hall off in the morning.

13. I understand that Ms. Hall was arriving at work well before Daddy's Grill opened.

**Declaration of Jeffrey Houk Pursuant to 28 U.S.C. § 1746**

I swear under penalty of perjury that the foregoing is true and correct.

Dated: 4-24-2020

Printed Name: JEFFREY HOUK

Signature: Jeffrey Houk

UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CYNTHIA HALL**

   **Plaintiff,**

**Case Number:** _____

v.

**KHALIL SADEGHPOUR CORPORATION**

   **Defendant.**

_____/

## DECLARATION OF DONNA ZADROWSKI

1. My name is Donna Zadrowski, I am a resident of Pinellas County, Florida. I am over 18 years of age and of sound mind.

2. I am a regular patron of Daddy's Grill.

3. I have regularly patronized Daddy's Grill since the early 2000's and prior to Ms. Cynthia Hall's employment.

4. I visited Daddy's Grill at least once per day. However, there were many instances when I visited Daddy's grill twice per day.

5. I can testify that on an average week, I would visit Daddy's Grill all seven days.

6. I met Ms. Cynthia Hall in approximately 2005 when Ms. Hall started working at Daddy's Grill.

7. Because I was such as frequent patron of Daddy's Grill, I visited the restaurant almost every day that Ms. Hall worked.

8. I became very familiar with Ms. Hall's works schedule.

9. I understand that Ms. Hall had a hired driver, Jeff Houk, who took her to work most days. However, there were days when Mr. Houk was unavailable and I drove Ms. Hall to work.

10. Essentially, I was Ms. Hall's backup driver when Mr. Houk was unavailable.

11. I began driving Ms. Hall to work in approximately 2015.

12. In the instances when I took Ms. Hall to work, I would pick her up from her house and drive her to Daddy's Grill for her work shift.

13. I would drop Ms. Hall off at Daddy's Grill approximately one hour before her shift began. Ms. Hall regularly requested to be dropped off at Daddy's Grill at least one hour before her shift began.

14. Because I was such a faithful and consistent patron of Daddy's Grill – and friend of Ms. Hall – I was aware of Ms. Hall's working schedules and when her shifts began an ended.

**Declaration of Donna Zadrowski Pursuant to 28 U.S.C. § 1746**


I swear under penalty of perjury that the foregoing is true and correct.

Dated: 04/24/2020

Printed Name: Donna Zadrowski

Signature: